AARON B. McCRILLIS, Administrator, *vs.* LORENZO D. MILLARD.

At the suggestion of the debtor, indorsements were made on two promissory notes, "Received on the within for renewal $1." The debtor saw the creditor write the indorsement on one note, and went away while the indorsement was writing on the other. No money was in fact paid.

*Held*, that the indorsements imported new promises sufficient to avoid the statute of limitations.

*Held*, further, that the transaction amounted in law to a payment of $1 on each note.

ASSUMPSIT. Heard by the court, jury trial being waived.

*May* 28, 1892. DOUGLAS, J. This action is brought to recover upon three promissory notes made by the defendant. One for $1,000, due March 23, 1889, is not contested. The notes in dispute were payable to the order of plaintiff's intestate, David Millard, one dated September 1, 1884, on demand, for $18,488.90; the other dated September 27, 1884, payable one day after date, for $1,687.33. David Millard died February 12, 1889. The action was commenced August 28, 1891. The statute of limitations is pleaded to the last two notes, and the plaintiff alleges a new promise made August 9, 1890. Before that time the parties had had

several interviews, in which the defendant had always denied that the notes were a valid subsisting obligation, alleging, as he says, that the larger notes had been given as collateral security for debts which had been afterwards extinguished, or, as the plaintiff testifies, that the intestate was indebted to the defendant in other transactions to a larger amount than the sum of these notes. It is not quite clear from the evidence which defence the defendant relied upon in these interviews, nor, in the view which we take of the case, is it important.

Upon each of the notes appears this indorsement: "Aug. 9, 90. Received on the within for renewal $1. A. B. McCrillis, Adm'r."

It is established by a preponderance of evidence that August 9, 1890, the defendant called at the store of the plaintiff and was shown the notes, and requested to make a payment upon them to prevent them from becoming outlawed, and he was told that otherwise suit must be commenced. He consented to make the payment and took out his pocket-book, and finding that he had not more money than he needed for other purposes, and being in haste to catch a train, said, "I don't need to pay you the money; all you have to do is to indorse a dollar on each of the notes and that will renew them." Plaintiff thereupon took the notes and made the indorsements. Defendant went out after one indorsement was made and while the other was being written. Plaintiff then charged himself, as administrator, with $2 as received on account of these notes.

The defendant's counsel has argued the case as if it were one where the promise depends upon implication from the payment of money only, and urges that there was here no actual payment, and that the denial of any subsisting obligation to pay on the part of the defendant rebuts any implication of a new promise which might be drawn from his acts. We think the transaction between the parties did amount to payment. "The true test," says Mr. Wood, "as to what transactions will amount to a part payment for the purposes of avoiding the statute, appears from the cases cited to be, that any facts which would prove a plea of payment of interest or principal, in an action brought to recover either, would amount to a payment sufficient to bar the statute." Wood on Limitations, § 114.

The case at bar, in this feature of it, is very similar to *Maber* v. *Maber*, L. R. 2 Exch. 153, where the holder of the note gave a receipt for the interest to the maker's wife. In this case as in that the defendant had the money in his pocket and offered to pay it It is of no importance, as it seems to us, that the debtor and no the creditor first proposed that no money should pass. But we d not decide the case upon any promise merely implied from th payment of money. The weight of authority sustains the co tention that a defendant's persistent denial of obligation to pa destroys the force of a mere payment as ground for an implie promise.

But we find here much more than mere payment accompanie by denial of obligation. We think the form of the indorsement imports a new promise sufficient to avoid the statute of limitations. The evidence convinces us that the indorsements were made at the suggestion and with the consent of the defendant, and were adopted by him as *memoranda* of his promise. A "renewal" of a promise to pay is a new promise, and it is not material which of the partie reduces it to writing, or that it be written at all, if both assent t the terms. Whatever may have been the attitude of the defendant in previous conversations, or in the interview of August 9, with respect to these notes, is immaterial, inasmuch as he finally assented to the written *memorandum*.

The evidence submitted under the general issue is vague and unsatisfactory. The allusions said to have been made by the intestate to a "settlement" may well have referred to the making of the note of September 1, 1884, which was a consolidation into one security of the outstanding debts and accounts due at that time from the defendant to him. The fact that this note was retained and an additional one given September 27, 1884, when the existence of the larger note could not have been out of the minds of the parties, outweighs in our opinion the statements which we have of the intestate's conversations, from which we are asked to infer that at some time between these dates the former note was extinguished. There is no evidence of payment at any time, and no suggestion even of the day or manner of such alleged payment. Although the defendant is himself excluded from testifying as to this matter, it seems strange that other evidence in account-books

or memoranda or checks should not be available to show payment, if any had been made.

Judgment must be for the plaintiff for the amount of the notes and interest less the payments indorsed.

*Dexter B. Potter*, for plaintiff.

*Henry J. Dubois*, for defendant.